UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2918 FMO (RAOx) | Date | August 8, 2022 |
|---|---|---|---|
| Title | Kids Indoor Playground, Inc. dba We Play v. Northfield Insurance Co. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Gabriella Garcia | None | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorney Present for Plaintiff(s): | Attorney Present for Defendant(s): |
|---|---|
| None Present | None Present |

**Proceedings:** (In Chambers) Order to Show Cause Re: Dismissal for Lack of Jurisdiction

On May 2, 2022, Kids Indoor Playground, Inc. dba We Play ("plaintiff") filed a Complaint in this court against Northfield Insurance Company ("Defendant" or "Northfield"), asserting state-law claims. (Dkt. 1, Complaint). Subject matter jurisdiction is based on diversity jurisdiction. (Id. at ¶ 9).

The Complaint alleges that plaintiff "is a California Limited Liability Company with its principal place of business in the City of Covina[,]" (Dkt. 1, Complaint at ¶ 4), and that defendant "is an unknown business entity with its principal place of business" in Minnesota. (Id. at ¶ 5). With respect to subject matter jurisdiction, the Complaint states that the court has jurisdiction because the "conduct giving rise to this action took place, in whole or in part, in the County of Los Angeles," and that the action is based "on the breach of an insurance contract concerning a California property and business and is based on violations of California law." (Id. at ¶ 8). The Complaint further alleges that the "amount in controversy exceeds the minimum jurisdictional amount of unlimited civil cases." (Id.). These jurisdictional allegations is plainly insufficient federal subject matter jurisdiction.

When federal subject matter jurisdiction is predicated on diversity of citizenship pursuant to 28 U.S.C. § 1332(a), complete diversity must exist between the opposing parties. See Caterpillar Inc. v. Lewis, 519 U.S. 61, 68, 117 S.Ct. 467, 472 (1996) (stating that the diversity jurisdiction statute "applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant"). "The party seeking to invoke the district court's diversity jurisdiction always bears the burden of both pleading and proving diversity jurisdiction." Rainero v. Archon Corp., 844 F.3d 832, 840 (9th Cir. 2016) (quoting NewGen, LLC v. Safe Cig, LLC, 840 F.3d 606, 613-14 (9th Cir. 2016)).

Limited liability companies ("LLCs") are treated like partnerships rather than corporations and are deemed "a citizen of every state of which its owners/members are citizens." Johnson v.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 22-2918 FMO (RAOx) | Date | August 8, 2022 |
|---|---|---|---|
| Title | Kids Indoor Playground, Inc. dba We Play v. Northfield Insurance Co. | | |

Columbia Props. Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006); see Grupo Dataflux v. Atlas Global Grp., L.P., 541 U.S. 567, 569, 124 S.Ct. 1920, 1923 (2004) ("[A] partnership . . . is a citizen of each State or foreign country of which any of its partners is a citizen."). "There is no such thing as 'a [state name] limited partnership' for purposes of diversity jurisdiction. There are only partners, each of which has one or more citizenships." Hart v. Terminex Int'l, 336 F.3d 541, 544 (7th Cir. 2003) (internal quotation marks omitted). Moreover, "[a]n LLC's principal place of business [or] state of organization is irrelevant" for purposes of diversity jurisdiction. See Buschman v. Anesthesia Business Consultants LLC, 42 F.Supp.3d 1244, 1248 (N.D. Cal. 2014); Tele Munchen Fernseh GMBH & Co Produktionsgesellschaft v. Alliance Atlantis Int'l Distribution, LLC, 2013 WL 6055328, *4 (C.D. Cal. 2013) ("As a limited liability company, [defendant]'s principal place of business is irrelevant for purposes of diversity jurisdiction."). If a member of an LLC is a corporation, then the state of incorporation and its principal place of business must be shown.

Plaintiff has not only failed to allege that the parties are diverse, (see, generally, Dkt. 1, Complaint), but it has also failed to take into consideration the distinction between the citizenship of a corporation and that of an LLC, and has therefore not adequately set forth its citizenship. Additionally, plaintiff has failed to adequately allege the citizenship of defendant, providing only its "principal place of business[.]" (Dkt. 1, Complaint at ¶ 5). Thus, the court cannot determine whether it has subject matter jurisdiction.

Based on the foregoing, IT IS ORDERED that no later than **August 15, 2022**, plaintiff shall show cause in writing why this action should not be dismissed for lack of subject matter jurisdiction pursuant to the requirement of complete diversity of the parties referenced above. Failure to respond to this order to show cause shall result in the action being dismissed without prejudice for failure to comply with a court order and failure to prosecute and/or for lack of subject matter jurisdiction. See Fed. R. Civ. P. 41(b); Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S.Ct. 1386, 1388 (1962).

|  | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | gga |